# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7098 | **DATE** | 9/12/2012 |
| **CASE TITLE** | Antoine Watson (#2009-0042038) v. Officer Bickham, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $10.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608 to facilitate compliance with the order. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is closed on the Court's docket. Any other pending motions are denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that on June 20, 2012, Defendant Bickham subjected him to excessive force.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law. **(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

However, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff describes Defendant Bickham's actions as "[he] poked me in the forehead causing my head to hit the brick wall..." (*See* Plaintiff's complaint). That is the entirety of his allegations regarding Defendant Bickham's use of force. Excessive force necessarily requires some physical force or threat thereof, *see McNair v. Coffey*, 279 F.3d 463, 467 (7th Cir., 2002), but not every push or shove violates the constitution. *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000), *citing Hudson v. McMillian,* 503 U.S. 1, 9 (1992) and *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir. 1973). The force described by Plaintiff is *de minimus* and does not implicate the constitution.

Plaintiff also complains that Defendant Bickham "shouted curse words toward me." However, verbal harassment and name calling do not violate the constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Consequently, Plaintiff has failed to state a claim upon which relief can be granted.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted, and this case is dismissed. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."